PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**December 18, 2006**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

BOBBY G. ROBERTS and CATHERINE A. ROBERTS,

Debtors.

Case No. 06-42209

**MEMORANDUM DECISION
NOT FOR PUBLICATION**

This matter came for hearing before the Court on December 5, 2006, on the Chapter 13 Trustee's (Trustee) Objection to Confirmation. A subsequent telephonic hearing was held on December 13, 2006, to provide the Court with additional information. Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

On September 18, 2006, Bobby and Catherine Roberts (Debtors) filed bankruptcy under Title 11, Chapter 13. The Debtors' Chapter 13 Plan (Plan) proposes a monthly payment of $385 for an applicable commitment period of 36 months and a 0% distribution to unsecured creditors.[1] The Debtors list a liquidation amount of $30,388.[2] In paragraph 10.B.

---

[1] During the telephonic hearing of December 13, 2006, the Debtors conceded, and the Trustee agreed, that contrary to their statement as to a 0% distribution to unsecured creditors, the Debtors have disposable income as calculated pursuant to 11 U.S.C. § 1325(b)(2).
t Dec. 18, 2006

MEMORANDUM DECISION - 1

of the Plan, the Debtors propose to sell or refinance their residence within 36 months of the petition date and pay to the Trustee from those proceeds an amount sufficient to pay the liquidation amount to timely filed and allowed unsecured claims, or pay 100% of such claims, whichever amount is less. Schedule F indicates there is $81,476 in general unsecured debt. Paragraph 10.B. also sets forth that in the event of a sale or refinance prior to month 36, the Plan payments will be reduced to $50 per month for the duration of the case. On November 28, 2006, the Trustee filed an Objection to Confirmation.

## CONCLUSIONS OF LAW AND DISCUSSION

The Trustee objects to the provision in paragraph 10.B. that allows the Debtors to automatically reduce their Plan payment to $50 per month after refinancing or a sale of their residence. The Trustee contends that a payment reduction should be accomplished by a Chapter 13 plan modification filed at the time of refinance/sale, and that the Plan payment should be based on the amount of surplus income the Debtors have as of that time. The Debtors argue that such an automatic reduction in their Plan payment will save them both time and money after the proposed refinance/sale occurs, in that they will not be required to prepare a modified plan and seek Court approval. They propose that if, upon refinance/sale, the Trustee determines the Plan payment should be increased, the Trustee and Debtors can simply stipulate to an increased payment without going through a formal Chapter 13 plan modification process. In the event the Debtors determine that the Plan payment should be less than $50 per month, they can file a motion to modify at that time.

There is no direct legal authority that addresses the issue before the Court: Upon refinance, should the burden to alter the Plan payment amount through Chapter 13 plan

---

[2] In briefing submitted after the telephonic hearing, both the Trustee and Debtors indicated that the correct liquidation value is approximately $23,492.61.

MEMORANDUM DECISION - 2

modification pursuant to 11 U.S.C. § 1329 be on the Trustee or on the Debtors? For the reasons set forth below, the Court concludes that the burden to alter the Plan payment amount should be placed on the Debtors.

The Court is sympathetic with the Debtors' desire to reduce their bankruptcy costs, and applauds Debtors' counsel's efforts to implement a system that would potentially benefit all like kind debtors and their creditors. The Court is persuaded, however, that the burden for any change in the Debtors' Plan should remain on the Debtors through the modification process. First, 11 U.S.C. § 1325(b)(1)(B) requires that a Chapter 13 plan provide all of the debtor's projected disposable income to be received during the applicable commitment period (APC). The Debtors concede that they must make Plan payments throughout the APC.[3] Based on the calculations submitted by both the Trustee and Debtors after the telephonic hearing, the proposed monthly payment of $385 appears to satisfy this requirement. The Debtors, however, agree with the Trustee that the proposed post-refinance/sale monthly payment of $50 has no basis in fact with respect to their bankruptcy case. The Debtors proposed this particular amount based on their attorney's experiences with similar cases. Because it is admitted that the $50 payment is <u>not</u> the Debtors' projected disposable income as of the refinance, the Court agrees that this proposed payment does not satisfy the disposable income requirement of § 1325(b)(1)(B).

The Trustee also makes a compelling argument that the provision in paragraph 10.B., which states that the Plan payments "shall be reduced to $50 per month for the duration of their case," may have collateral estoppel effect at later hearings. Although the Court need not decide this issue at this time, the mere possibility that the $50 payment, which is not

---

[3] The Debtors, however, do not concede that the APC is a temporal, as opposed to a monetary, requirement. The Court need not address this issue at this time.

MEMORANDUM DECISION - 3

supported by any evidence, could be binding on the Trustee and creditors further supports the conclusion that any change to the Plan payment should be made when a change to the Debtors' circumstances actually occurs.

Additionally, while the Debtors contend that if warranted they and the Trustee could simply stipulate to an increased payment after refinance, the Debtors do not provide any assurances that they would in fact stipulate to the Trustee's proposed increased payment. The Court can envision a scenario where the Debtors quibble over any amount proposed by the Trustee, thereby forcing the Trustee to seek formal modification pursuant to 11 U.S.C. § 1329, and incur the accompanying costs.

Finally, as a practical matter, the Debtors are in the best position to seek a change to their Plan payment, as they are in possession of all the necessary information. The Debtors will know best when their refinance will be approved, what their new expenses will be, and when their new mortgage payment will go into effect. The Debtors concede that they will be required to update their schedules at the time of refinance. Moreover, utilizing the formal modification process will provide notice to the creditors of any changes, and provide a date certain on which the modified Plan payment will go into effect. As suggested by the Trustee, the Debtors can include a motion to modify along with their request for refinance, thereby defraying some of the anticipated costs.

Accordingly, the Trustee's Objection to Confirmation is sustained.

DATED:    December 18, 2006

_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 4